# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON SYMON,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN WOHLER, et al.,<br><br>   Defendants. | Case No. 1:14 -cv-00929---SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXPEDITED RELIEF, GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF Nos. 1, 2, 3) |

On June 17, 2014, Plaintiff Ramon Symon, proceeding pro se, filed a complaint in this civil rights action pursuant to 42 U.S.C. § 1983, a motion for expedited relief, and an application to proceed in forma pauperis.

Plaintiff's motion for expedited relief requests that this action be heard within three working days. The Court grants in part Plaintiff's request and shall screen Plaintiff's complaint. Plaintiff is advised that the Court screens complaints in the order in which they are received and any amended complaint will be screened in due time.

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard

used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff alleges a violation of the Fourth Amendment due to his arrest on June 3, 2014 by Defendant Wholer on violations of California Penal Code sections 368(b)(1),[1] 72,[2] 487,[3] and 182(a)(4);[4] and Welfare and Institutions Code section 10980(c)[5] and(g).[6] (Compl. ¶ 11, ECF No.

---

[1] Any person who knows or reasonably should know that a person is an elder or dependent adult and who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any elder or dependent adult, willfully causes or permits the person or health of the elder or dependent adult to be injured, or willfully causes or permits the elder or dependent adult to be placed in a situation in which his or her person or health is endangered, is punishable" as a misdemeanor or felony. Cal. Penal Code § 368(b)(1).

[2] Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable" as a misdemeanor or felony. Cal. Penal Code § 72.

[3] Grand theft is theft committed . . . [w]hen the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950). . . . Cal. Penal Code § 487(a).

[4] Conspiracy to cheat and defraud any person of any property, by any means which are in themselves criminal, or to obtain money or property by false pretenses or by false promises with fraudulent intent not to perform those promises. Cal. Penal Code § 182(a)(4).

1; Booking Register attached to Compl at 9, 10.)  Plaintiff contends that he had just withdrawn his Social Security/Retirement Disability allotment and had cash totaling $1,054.00 on his person.  (Id. at ¶ 1, 3.)  Defendant Wholer confiscated Plaintiff's cash and informed him that it is being held as evidence.  (Id. at ¶ 4.)

Plaintiff was released from jail on June 5, 2014, with no current charges pending against him, and when he requested his money back he was informed that he needed to talk to Defendant Wohler.  (Id. at ¶¶ 12, 13.)  Plaintiff claims that Defendant Wohler told him, "I run Modesto and you can tel [sic] that [expletive] the President I dont [sic] care who you tell."  (Id. at ¶ 14.)

Plaintiff states that Defendant Wohler has stalked him and "intimidated everyone [he] is associated with", even going to his church and threatening to take church members to jail if they help Plaintiff.  (Id. at ¶ 14.)  Plaintiff is seeking to have his cash returned to him and monetary damages.

## III.

## DISCUSSION

### A.   Unreasonable Search and Seizure

Plaintiff claims that the confiscation of his money violated the Fourth Amendment which

---

[5] Any person who knowingly makes more than one application for aid under the provisions of this division with the intent of establishing multiple entitlements for any person for the same period or who makes an application for that aid for a fictitious or nonexistent person or by claiming a false identity for any person is guilty of a felony, punishable by imprisonment . . . for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine; or by imprisonment in the county jail for a period of not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine. Cal. Welf. & Inst. Code § 10980(c).

[6] Any person who knowingly uses, transfers, sells, purchases, or possesses CalFresh benefits, electronically transferred benefits, or authorizations to participate in the federal Supplemental Nutrition Assistance Program in any manner not authorized . . . is guilty of a misdemeanor if the face value of the food stamp benefits or the authorizations to participate is nine hundred fifty dollars ($950) or less, and shall be punished by imprisonment in the county jail for a period of not more than six months, by a fine of not more than five hundred dollars ($500), or by both imprisonment and fine, or (2) is guilty of a felony if the face value of the CalFresh benefits or the authorizations to participate exceeds nine hundred fifty dollars ($950), and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine, or by imprisonment in the county jail for a period of not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine.  Cal. Welf. & Inst. Code § 10890(g).

prohibits unreasonable searches and seizures. (ECF No. 1 at 3.) In relevant part, the Fourth Amendment provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The basic rule is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Arizona v. Gant, 556 U.S. 332, 338 (2009) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

In this instance, while it is not stated in Plaintiff's complaint, it does appear that he was arrested based upon an outstanding warrant. Plaintiff was booked on charges of conspiracy, elder abuse, and fraudulently obtaining benefits. These charges do not seem to arise from the incidents alleged in the complaint, and therefore, the Court can reasonably infer that Defendant Wohler arrested Plaintiff pursuant to an arrest warrant.

Additionally, there is an exception to the warrant requirement for a search incident to arrest. U.S. v. Caseres, 533 F.3d 1064, 1070 (9th Cir. 2008). Under the search-incident to arrest exception, when a search is incident to arrest, a law enforcement officer may conduct a warrantless search of the person who is arrested. U.S. v. Smith, 389 F.3d 944, 950-51 (9th Cir. 2004). As long as there is probable cause to arrest prior to the search, "a search that is substantially contemporaneous with the arrest is incident thereto." U.S. v. Chatman, 573 F.2d 565, 567 (9th Cir. 1977). Plaintiff contends that his property was taken when he was arrested and subsequently booked into evidence. Plaintiff has failed to allege a plausible claim that the confiscation of his money violated the Fourth Amendment.

**B.    Due Process**

Further, to the extent that Plaintiff is attempting to allege a violation of due process, he fails to state a claim. The Due Process Clause protects against the deprivation of life, liberty, or property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In a 1983 action alleging violation of procedural due process, the availability of state law remedies is relevant. Zinermon v. Burch, 494 U.S. 113, 126 (1990). It is not the deprivation of a protected interest that is itself constitutional, but the deprivation of the interest without due process.

Zinermon, 494 U.S. at 126. So, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a state employee is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

In this instance, post deprivation tort remedies are all the process that is due. Zinermon, 494 U.S. at 128. California law provides that a criminal defendant may bring a non-statutory motion for return of property that was seized by warrant or incident to arrest when the property is not used as evidence, but remains in the custody of the seizing officer. People v. Lamonte, 53 Cal.App.4th 544, 549 (1997). Plaintiff alleges that because Defendant Wholer dislikes Plaintiff, he is refusing to return Plaintiff's money. This is the type of intentional, unauthorized deprivation to which the availability of state law remedies is relevant. Since there are adequate state law remedies available, Plaintiff's allegations fail to state a cognizable claim.

### III.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and finds that it demonstrates entitlement to proceed without prepayment of fees. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens the complaint and finds that it states a cognizable claim.

### VI.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for expedited relief is GRANTED IN PART;
2. Plaintiff's complaint, filed June 17, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's application to proceed in forma pauperis is GRANTED;
4. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 24, 2014**

UNITED STATES MAGISTRATE JUDGE